Philip McGrady
MCGRADY LAW FIRM
P.O. Box 40
Park City, Montana 59063
406-322-8647 (phone)
406-322-8649 (fax)
philip@mcgradylawfirm.com

Attorney for the Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MONTATA**
**BILLINGS DIVISION**

| | |
|---|---|
| PHILLIP GOTCHER, on Behalf of Himself and Others Similarly Situated<br><br>Plaintiffs,<br><br>vs.<br><br>BRARA GEOLOGIC CONSULTING, LLC,<br><br>Defendant. | Cause No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**COLLECTIVE ACTION FOR CLAIMS UNDER FAIR LABOR STANDARDS ACT** |

## SUMMARY

1.  Brara Geologic Consulting, LLC (BGC) pays its wellsite geologists a flat amount for each shift (or "day") they work.

2.  Although these workers regularly work more than 40 hours a week, BGC does not pay them overtime.

3. BGC's policy of paying these employees a shift rate, with no overtime pay, violates the Fair Labor Standards Act (FLSA).

4. This collective action seeks to recover the unpaid wages and other damages owed to these workers.

## JURISDICTION & VENUE

5. This case raises a federal question under 29 U.S.C. § 216(b), giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b)(1) because BGC resides in this District.

## PARTIES

7. Phillip Gotcher (Gotcher) is a former employee of BGC and is a resident and citizen of Ravalli County, Montana.

8. Gotcher worked for BGC as a wellsite geologist.

9. BGC paid Gotcher according to its shift rate policy. Gotcher's written consent to this action is attached as Exhibit A.

10. Gotcher brings this action on behalf of himself and all other similarly situated wellsite geologists who were paid on BGC's shift rate system (the "Shift Rate Workers").

11. BGC is an enterprise engaged in commerce under the FLSA.

12. BGC is headquartered in Billings, Montana.

13. BGC paid each of the Shift Rate Workers a flat amount for each shift worked with no overtime premium for hours worked in excess of 40 in a workweek.

14. BGC may be served though Paracorp Incorporated, N. Last Chance Gulch #403, Helena, MT 59601.

## FACTS

15. BGC provides geological services and mud logging to the oil and gas industry.[1]

16. In each of the past three years, BGC's gross revenues have exceeded $500,000.

17. Over the past three years, BGC employed dozens of individuals – including Gotcher– as Shift Rate Workers.

18. The Shift Rate Workers routinely handle goods or materials – such as hard hats, tools, steel toe shoes, and cell phones - that have moved in, or were produced for, interstate commerce.

19. BGC pays its Shift Rate Workers a shift rate for the work they perform.

20. The Shift Rate Workers are only paid for shifts they work.

---

[1] http://www.brarageo.com/

21. BGC's Shift Rate Workers are non-exempt employees.

22. While the precise job duties of the Shift Rate Workers may vary somewhat, any variations do not impact their entitlement to overtime for hours worked in excess of 40 in a workweek.

23. An employer can pay a non-exempt employee on a shift rate basis *provided* the employee receives overtime pay for hours worked in excess of 40 in a week. 29 C.F.R. § 778.112.

24. BGC knows its Shift Rate Workers work more than 40 hours in a week.

25. BGC scheduled Gotcher, and the other Shift Rate Workers, for 12 hours of work each day.

26. BGC scheduled Gotcher, and the other Shift Rate Workers, for as many as 7 days in a workweek.

27. Gotcher, and the other Shift Rate Workers, regularly worked 12 hours a day.

28. Gotcher, and the other Shift Rate Workers, regularly worked 7 days in a workweek.

29. BGC knows its Shift Rate Workers are not exempt from the FLSA's overtime provisions.

30. Nonetheless, BGC did not (and does not) pay its Shift Rate Workers overtime for hours worked in excess of 40 in a workweek.

## COLLECTIVE ALLEGATIONS & CAUSE OF ACTION

31. BGC's policy of paying non-exempt workers a shift rate, with no overtime pay, violates the FLSA.

32. BGC's shift rate policy affects all the Shift Rate Workers in a similar manner.

33. Gotcher and the other Shift Rate Workers are similarly situated for the purposes of their overtime claims.

34. The collective action class is therefore properly defined as:

**All Shift Rate Workers employed by BGC since May 4, 2012.**

35. By failing to pay Gotcher and the other Shift Rate Workers overtime at 1 and ½ times their regular rates, BGC violated the FLSA's overtime provisions.

36. BGC owes Gotcher and the other Shift Rate Workers the difference between the rate actually paid and the proper overtime rate.

37. Because BGC knew, or showed reckless disregard for whether, its pay practices violated the FLSA, BGC owes these wages for at least the past three years.

38. BGC also owes Gotcher and the other Shift Rate Workers an amount equal to the unpaid overtime wages as liquidated damages.

39.     Gotcher and the other Shift Rate Workers are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

### PRAYER

Wherefore, Gotcher prays for relief as follows:

1.     An order allowing this action to proceed as a representative collective action under the FLSA;

2.     Judgment awarding Gotcher and the other Shift Rate Workers all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the FLSA;

3.     Pre- and post-judgment interest at the highest rate allowable by law; and

4.     All such other and further relief to which Gotcher and the other Shift Rate Workers may show themselves to be justly entitled.

### DEMAND FOR JURY TRIAL

Plaintiffs request a trial by jury for all issues so triable.

DATED this 1st day of May, 2015.

McGrady Law Firm

By:   /s/ Philip McGrady
        Philip McGrady
        Attorney for the Plaintiffs